## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CITI MORTGAGE, INC., | Civil No. 13-144 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| DANIEL HUBBARD, MARGARET HUBBARD, and PAUL ERNEST SELLORS, | |
| Defendants. | |

---

Cameron A. Lallier and Thomas A. Harder, **FOLEY & MANSFIELD, PLLP**, 250 Marquette Avenue South, Suite 1200, Minneapolis, MN 55401, for plaintiff.

Daniel Hubbard and Margaret Hubbard, Post Office Box 461966, Aurora, CO  80015, and Paul E. Sellors, Post Office Box 18532, Minneapolis, MN 55418, *pro se*.

This case involves a dispute between Defendants Daniel Hubbard, Margaret Hubbard, and Paul Sellors (collectively, "Defendants") and Plaintiff Citi Mortgage, Inc. ("CitiMortgage") wherein CitiMortgage seeks relief on the basis of a fraudulent federal court order created by Defendants.  United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court dismiss the action and all pending motions for lack of subject matter jurisdiction because CitiMortgage has failed to either raise a federal question or establish diversity jurisdiction by demonstrating an amount in controversy greater than $75,000.  The Court will adopt

the R&R over CitiMortgage's objections, concluding that CitiMortgage has failed to establish a basis for the Court's jurisdiction, and will dismiss the action without prejudice.

## BACKGROUND

The relationship between CitiMortgage and Defendants began with a mortgage on a property in Colorado and CitiMortgage's attempt to foreclose on the property after mortgagors Daniel and Margaret Hubbard failed to make payments.  (Aff. of Thomas Harder, Ex. D, July 3, 2013, Docket No. 44; Compl. ¶ 6, Jan. 16, 2013, Docket No. 1.)

In September 2012, CitiMortgage received a document that purported to be an order for trial to begin on September 21, 2012, in the "United States of America District Court, District of Minnesota" in a case between Daniel and Margaret Hubbard against CitiMortgage, which was signed by "Judge Paul Ernest Sellors, District Court Justice." (Compl., Ex. A ("Sellors Order").)   CitiMortgage also received documents from Defendants challenging the authority of the United States government and the foreclosure of the mortgage.  (Harder Aff. Ex. B-1 at 2-10, July 3, 2013, Docket No. 40; Harder Aff., Ex. B-2, July 3, 2013, Docket No. 41; Harder Aff., Ex. B-3, July 3, 2013, Docket No. 42.)

CitiMortgage brought this action alleging that the Sellors Order was fraudulent and seeking to declare the Order void, to enjoin Defendants from serving falsified documents, and seeking damages for the costs of responding to Defendants' filings. (Compl. at 4-6.)   After CitiMortgage filed its Complaint, Defendants filed multiple

entries on the docket, none of which are relevant to the instant Order.  CitiMortgage filed

a motion for summary judgment and the Magistrate Judge held a hearing on the motion,

but Defendants did not appear.  (*See* Mot. for Summ. J., July 3, 2013, Docket No. 36;

Minute Entry, Sept. 3, 2013, Docket No. 57.)  After the hearing CitiMortgage moved for

an Order to Show Cause why an order should not issue prohibiting Defendants from

filing any further lawsuits except under certain conditions.  (Mot. for Order to Show

Cause, Sept. 9, 2013, Docket No. 59.)  After this motion, Defendants began submitting

additional filings, including one on September 17, 2013, and two on October 2, 2013.

(Notice of Collusion to Deny Access to One of the Courts, Sept. 17, 2013, Docket

No. 63; Response to Docket No. 64, Oct. 2, 2013, Docket No. 65; Notice of Am.

Unlimited Civil Action, Oct. 2, 2013, Docket No. 66.)  Among other things, these filings

challenged the jurisdiction of the Court on the basis that there was not $75,000 in

controversy as required for diversity jurisdiction.  (*See, e.g.*, Notice of Collusion to Deny

Access to One of the Courts at 3; Response to Docket No. 64 at 2.)

The Magistrate Judge issued an Order on September 24, 2013, continuing the

hearing on CitiMortgage's motion for summary judgment until October 8, 2013.  (Order,

Sept. 24, 2013, Docket No. 64.)  Defendants did not appear at the continued summary

judgment hearing.  (Minute Entry, Oct. 8, 2013, Docket No. 67.)  After the hearing,

Defendants filed a motion for summary judgment (Defs.' Mot. for Summ. J., Oct. 31,

2013, Docket No. 68), which CitiMortgage moved to strike (Mot. to Strike Pleading,

Nov. 21, 2013, Docket No. 69).  Defendants filed several responses and documents in

response to CitiMortgage's motion to strike (*see* Response to Mot. to Strike, Dec. 6,

2013, Docket No. 73; Notice Praecipe for Judgment of Non Pros, Dec. 18, 2013, Docket No. 74; Demand for Disclosure and Discovery, Dec. 18, 2013, Docket No. 75), some of which again raised a challenge to the amount in controversy (*see* Resp. to Mot. to Strike at 3).  CitiMortgage filed a "Notice of No Reply" stating that it would not respond to Defendants' filings because "Defendants have failed to state any articulable reason or legal argument for denying the relief requested by the Plaintiff."  (Notice of No Reply, Dec. 18, 2013, Docket No. 77.)

The Magistrate Judge issued an R&R on January 22, 2014, concluding that CitiMortgage failed to establish a basis for federal jurisdiction.  (R&R, Jan. 22, 2014, Docket No. 78.)[1]  The R&R concluded that there is no federal question jurisdiction because the face of CitiMortgage's Complaint raises no federal issue or claim and any violation of federal criminal law by Paul Sellors did not give rise to a private cause of action by CitiMortgage.  (R&R at 17-19.)  The R&R also concluded that there is no diversity jurisdiction because CitiMortgage had not shown by a preponderance of the evidence that the amount in controversy is more than $75,000: the Complaint listed the damages amount as $10,000 and CitiMortgage made no other showing.  (*Id.* at 19-21.)  Defendants filed no objections to the R&R.  CitiMortgage filed a limited objection, challenging only the R&R's conclusion that the court lacks jurisdiction.  (Objections to R&R, Feb. 4, 2014, Docket No. 79.)

---

[1]  The R&R concluded that it would recommend granting all of the relief that CitiMortgage seeks, but for its conclusion that the Court lacks jurisdiction over this case.  (R&R at 21 n. 19.)

# ANALYSIS

## I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.   FEDERAL QUESTION JURISDICTION

Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal quotations omitted).  CitiMortgage's Complaint plainly does not include any federal question on its face:  It lists the causes of action as "Declaratory Judgment" (seeking to have the fraudulent Sellors Order declared void), "Injunctive Relief" (seeking an order enjoining Defendants from serving any false or fraudulent papers or pleadings on CitiMortgage), and "Damages" (seeking $10,000 for the injuries CitiMortgage has incurred in responding to Defendants' pleadings).  (Compl. at 4-6.) The only mention of federal law in the Complaint is that **Defendants** "allege a claim under the Constitution of the United States," but as the Magistrate Judge observed, Defendants have invoked the Constitution only as the basis for the authority of the fraudulent order.  (*See* R&R at 16, 19.)  CitiMortgage objects, arguing that because of

this invocation of the United States Constitution, the relief CitiMortgage seeks is a declaration that the signer does not have such authority under Article III of the Constitution.  But that is not inherently a federal question – CitiMortgage presents no reason why a competent state court of general jurisdiction could not conclude as a factual matter that the signer did not have such authority and consequently declare the order void.

CitiMortgage makes other arguments in support of federal question jurisdiction but none are availing.  First, CitiMortgage points to the All Writs Act, 28 U.S.C. § 1651, as a basis for the Court's authority to grant the relief it seeks.  But the All Writs Act is not a jurisdiction-conferring statute, rather, the Act provides courts with authority to issue writs in matters for which the Court **already has** jurisdiction.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) ("The [All Writs] Act does not create any substantive federal jurisdiction.  Instead, it is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." (internal citation omitted)).  None of the cases cited by CitiMortgage suggest that the All Writs Act can serve as an independent source of federal jurisdiction.

Second, CitiMortgage argues that Defendants in their filings have raised several federal statutory issues, such as an assertion of rights under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*  But federal question jurisdiction must be raised on the face of the complaint and cannot be established through counterclaims. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated

counterclaim.").  Thus, the Court concludes that the R&R properly determined that the Court does not have jurisdiction on the basis of a federal question under 28 U.S.C. § 1331.[2]

## III.  DIVERSITY JURISDICTION

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]"  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Congress has granted "district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens."  *Id.* (citing 28 U.S.C. § 1332).  However, "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000."  *Id.*

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (alteration and internal quotations omitted).  If the amount in

---

[2] CitiMortgage does not appear to object to the R&R's conclusion that any violation of federal criminal statutes by the Defendants in falsifying the court order gives rise to federal question jurisdiction (*see* R&R at 17-18 (citing 18 U.S.C. §§ 505, 912)), and that conclusion was not clearly erroneous.  *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (unless "congressional intent [to confer a private right of action based on a statute] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist" (internal quotation marks omitted)).

controversy alleged by the party asserting diversity jurisdiction is challenged, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (internal quotations omitted). Thus, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Kopp*, 280 F.3d at 885.

Here, CitiMortgage alleges diversity jurisdiction in its Complaint, stating that the "Court has jurisdiction over this action based on the diversity between the parties and the amount in controversy which the Defendants have alleged to be over $75,000.00." (Compl. ¶ 3.)   Later in the Complaint, however, CitiMortgage lists the amount of damages it seeks as $10,000.00 "or such other amount as may be proven in this matter." (*Id.* at 6.)  Defendants challenge CitiMortgage's asserted diversity jurisdiction in several filings.  (*See* Notice of Collusion to Deny Access to One of the Courts at 3; Response to Docket No. 64 at 2; Defs.' Mot. for Summ. J. at 2; Resp. to Mot. to Strike.)  Although these filings were submitted fairly late in the course of the proceedings before the Magistrate Judge (who had already held one hearing on CitiMortgage's motion for summary judgment before the first of these was filed, at which Defendants did not appear, and held another hearing on October 8, 2013, at which Defendants again failed to appear), challenges to the court's subject matter jurisdiction may be raised at any time. *4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir. 2003) ("As parties

- 8 -

may not expand the limited jurisdiction of the federal courts by waiver or consent, subject matter jurisdiction issues may first be raised at any time, even on appeal.").

Thus, after Defendants challenged the amount in controversy supporting diversity jurisdiction, the burden fell to CitiMortgage to prove by a preponderance of the evidence that the amount was greater than $75,000. *James Neff Kramper Family Farm P'ship*, 393 F.3d at 831 ("The burden thereafter fell upon . . . the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by Kramper could, that is might, legally satisfy the amount in controversy requirement."). But CitiMortgage made no attempt to prove that the amount in controversy satisfies the jurisdictional requirement. CitiMortgage filed two responses: a motion to strike Defendants' motion for summary judgment and a Notice of No Reply. The motion to strike includes no argument about the amount in controversy and no attached affidavits to support any such argument. (*See* Mot. to Strike.) The Notice of No Reply states that CitiMortgage "hereby declines to reply to any response of Paul Ernest Sellors and Daniel Hubbard and Margaret Hubbard, Defendants Pro Se filed in this matter by the Defendants. Defendants have failed to state any articulable reason or legal argument for denying the relief requested by the Plaintiff." (Notice of No Reply at 1.)

Only after the R&R concluded that CitiMortgage had failed to establish any basis for the Court's jurisdiction did CitiMortgage address Defendants' challenge to diversity jurisdiction. In its objections, CitiMortgage makes several arguments that the amount in controversy exceeds $75,000: (1) that the lawsuit actually involves a dispute between the parties over the underlying mortgage, which is the fair market value of the property, and

also includes the value of eighteen months of mortgage payments that Defendants owe CitiMortgage, (2) that CitiMortgage has actually incurred at least $37,815.03 in legal fees in responding to Defendants' numerous and fraudulent filings, (3) that the value of the injunctive and declaratory relief CitiMortgage seeks exceeds $75,000, and (4) that the value of Defendants' "counterclaims" exceeds $75,000.  (Objections to R&R at 4-9.)

The Court concludes that none of these arguments suffice to establish by a preponderance of the evidence that the amount in controversy in this litigation exceeds $75,000.  First, the underlying mortgage is not in dispute in this particular case, although it may be disputed in other proceedings between these parties.  This lawsuit, as alleged by CitiMortgage in its Complaint, is about the damages CitiMortgage has suffered on account of the Sellors Order and Defendants' other filings, not about the mortgage or foreclosure.  (*See, e.g.*, Compl. ¶ 16 ("The Hubbards are asserting frivolous claims against the Plaintiff based on a legal theory that the present government of this country is a bankrupt corporation."); *id.* ¶¶ 18-19 ("The Plaintiff has the right to be free from spurious pleadings and papers captioned as if the document was actually issued by this court or any other court of competent jurisdiction when the document is the fabrication of the Defendants," and "seeks a declaratory judgment determining . . . that the papers and pleadings have no validity and that no actions are pending against the Plaintiff."); *id.* ¶¶ 22-23 ("The Hubbards have served multiple documents and claims upon the Plaintiff and will continue to do so in the future" and "[i]t costs the Plaintiff time and money to review and respond to these spurious pleadings.").  Nothing in the Complaint suggests

that this lawsuit is about anything more than the injuries CitiMortgage has suffered on account of the Sellors Order and Defendants' frivolous filings.

To the extent that CitiMortgage argues that the Defendants have brought the underlying mortgage into this dispute as a compulsory counterclaim such that the value of the mortgage should be included in the amount in controversy, nothing in the Defendants' filings suggests that they seek any relief related to the mortgage or its status. Rather, their filings seem to primarily revolve around the power of the Court and whether they can be forced to participate in legal proceedings before the Court.  (*See, e.g.*, Notice of Collusion to Deny Access to One of the Courts at 2-6 (listing multiple complaints related to apparent denial of opportunity to pursue action in state court under case number 27-cv-13-14379 and lack of jurisdiction of federal court); Response to Docket No. 64 at 2-4 (arguing that CitiMortgage has no standing because it is "property" and an "inanimate plaintiff" and that the action must be "remanded back to the Minnesota State Court"); Defs.' Mot. for Summ. J. at 2-5 (repeating arguments regarding CitiMortgage's standing and court's authority).)  Although some of their filings reference the mortgaged property, Defendants do not make arguments about the validity of property rights or the mortgage or foreclosure, but rather about the respective parties' and courts' authority to participate in lawsuits regarding the property.  (*See* Response to Docket No. 64 at 4

(arguing that CitiMortgage has "no standing relative to the soil known as Land" and listing the relevant address of the property).)[3]

The Court observes that the payments CitiMortgage has not received during the eighteen months since it stopped receiving payments may reasonably be considered part of this controversy if, as CitiMortgage argues in its Objections, it has held off on the foreclosure for that time period because of the Sellors Order.  (*See* Objections to R&R at 6.)  But not only does CitiMortgage not actually seek this relief in its Complaint, but CitiMortgage has also made no argument or showing of what those payments are worth. Thus, the Court cannot consider them as part of the amount in controversy because CitiMortgage has not established an amount or value for them by a preponderance of the evidence.

Second, CitiMortgage has not proven its claim that it has incurred over $37,000 in costs attributable to actions by Defendants listed in the Complaint by a preponderance of

---

[3] One paragraph in one filing is arguably a claim for a declaration of property rights regarding the mortgaged property.  (*See* Am. Unlimited Civil Action at 6 (demanding judgment that "Injured Claimant hereby has the right to settle this trespass for the modest amount of fifty ounces of .999 pure gold or the United States Federal Reserve Note equivalent at the time of demanded judgment or $65,000 to be paid to each Injured Claimant and for any interest Trespassers/Defendants may believe to have in [property address]" (formatting omitted)).)  But even if this raises a dispute that would involve the fair market value of the mortgage or property, this would not likely be a compulsory counterclaim under Federal Rule of Civil Procedure 13(a)(1), arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim", because CitiMortgage's lawsuit is limited to relief on account of the fraudulent court filing.  Thus, even if the Court were to adopt the rule from other circuits (not yet adopted by the Eighth Circuit) that damages for a compulsory counter claim should be counted for diversity jurisdiction purposes, *see Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F. Supp. 2d 1081, 1082-83 (D. Minn. 1999) (reviewing circuit split but concluding that "counterclaims do not satisfy the jurisdictional amount"), the Court would not consider the value of the property or mortgage on account of this paragraph.

the evidence.  CitiMortgage has not supported this number with any affidavits or other evidence required to satisfy its burden in light of Defendants' jurisdictional challenge. *See Martin v. State Farm Fire & Cas. Co.*, 826 F. Supp. 2d 1133, 1137-38 (D. Minn. 2011) (finding no diversity jurisdiction even where party submitted affidavits as proof of amount in controversy after it was challenged, concluding that "they have proffered only two items in an attempt to satisfy their burden, neither of which is availing" because the affidavits contradicted other evidence and did "not disclose any dollar amount for their claimed losses").  Although CitiMortgage offers in its Objections to submit affidavits in support of this number, CitiMortgage failed to do so before the Magistrate Judge and instead filed an affirmative statement that it had no further argument in response to Defendants' filings.  (Notice of No Reply at 1.)  Unlike Defendants, CitiMortgage is not *pro se*, and can be reasonably expected to make all necessary arguments and showings before the Magistrate Judge.  *Cf. Ridenour v. Boehringer Ingelheim Pharms., Inc*., 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived.")

Furthermore, even if CitiMortgage had properly submitted evidence of the $37,000 in costs it has incurred, that amount does not reach the $75,000 threshold Congress established for diversity jurisdiction and the prospect that such costs could double without the relief CitiMortgage seeks here is speculative and therefore insufficient to support diversity jurisdiction, as "[s]peculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the . . . burden of proof under both the 'preponderance of evidence standard' and the 'legal certainty' standard" for diversity

jurisdiction." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (finding no jurisdiction, where party offered "nothing to this Court other than its unsupported allegation that . . . the Court should presumably assume that the amount in controversy exceeds the jurisdictional minimum" and concluding that "[h]aving the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court)").

This same reasoning applies to CitiMortgage's argument that the value of the relief it seeks exceeds $75,000, *see James Neff Kramper Family Farm P'ship*, 393 F.3d at 833 ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (internal quotations omitted)), because the $37,000 could increase to include the "potential fees and costs which will necessarily be incurred if Defendants['] abusive litigation practices are not curtailed" (Objections to R&R at 8). But again, as CitiMortgage admits, this is purely speculative and therefore insufficient to support diversity jurisdiction. (*See id.* (arguing that "[i]n theory the value of this benefit sought by [CitiMortgage] is unlimited" and acknowledging that "an argument could be made [that] such value is speculative").)[4]

---

[4] The Court recognizes CitiMortgage's request for an opportunity to provide supplemental briefing and evidence on these issues, particularly the costs already borne in responding to Defendants' filings and the value of the relief CitiMortgage seeks. (Objections to R&R at 12.) However, given that Defendants raised the issue of jurisdiction in at least three filings before the decision by the Magistrate Judge and CitiMortgage affirmatively declined to respond at the time, (*see* Notice of No Reply at 1), and failed to submit appropriate evidence

(Footnote continued on next page.)

The Court thus concludes that CitiMortgage has failed to show by a preponderance of the evidence that the amount in controversy in this litigation is greater than $75,000. The Court recognizes the significant burden that Defendants' frequent filings impose on CitiMortgage and its counsel (and the considerable resources expended by the clerk of this Court and the Magistrate Judge in receiving the numerous filings). However, the Court cannot grant relief in a case for which it does not have jurisdiction. *Cf. Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1078 (8th Cir. 2003) ("Given the considerable resources and time exhausted by the federal courts and the parties in this action, we would like to ignore NEI's belated jurisdictional challenge. Unfortunately, we cannot. Having considered the jurisdictional challenge, we reluctantly agree with NEI that federal diversity jurisdiction is lacking." (internal citations omitted)).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiff's Objections to the Report and Recommendation [Docket No. 79] are **OVERRULED** and the Report and Recommendation [Docket No. 78] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Summary Judgment, Permanent Injunction, and Declaratory Relief [Docket No. 36] is **DENIED**.

_____
(Footnote continued.)

establishing the amount in controversy in its objections to this Court, the Court declines to afford CitiMortgage another opportunity to address this issue.

2.      Plaintiff's Motion for Order to Show Cause [Docket No. 59] is **DENIED**.

3.      Defendants' Motion for Summary Judgment [Docket No. 68] is **DENIED**.

4.      Plaintiff's Motion to Strike Pleading [Docket No. 69] is **DENIED as moot**.

**IT IS FURTHER HEREBY ORDERED** that:

5.      This matter is **DIMISSED** due to lack of jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.   Plaintiff's Complaint [Docket No. 1] is **DIMISSED without prejudice**.

        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2014                    _____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                          United States District Judge